UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HIBAH LEE,

                Petitioner,

-against-

UNITED STATES OF AMERICA,

                Respondent.

07-cr-00003 (LAP)

20-cv-8969 (LAP)

OPINION & ORDER

LORETTA A. PRESKA, Senior United States District Judge:

The Court has received the joint letter motion filed by Defendant Hibah Lee and the Government in the above-captioned case. (See dkt. no. 1023 [the "Parties' Letter"].) The Parties' Letter concerns the motion Mr. Lee made pursuant to 28 U.S.C. § 2255, in which he asks the Court to vacate his conviction under 18 U.S.C. § 924(c). (See dkt. no. 856.)

Although the parties had previously disputed Mr. Lee's motion to vacate, they now agree that intervening Supreme Court precedent requires vacatur of Mr. Lee's § 924(c) conviction because the crime upon which it was predicated—attempted Hobbs Act robbery—no longer constitutes a "crime of violence" as is required to sustain a conviction under § 924(c). (See Parties' Letter at 1.) The Court agrees and, as a result, shall issue an amended judgment reflecting the vacatur of Mr. Lee's § 924(c) conviction.

On February 2, 2010, a grand jury returned Superseding Information S12 charging Mr. Lee with (a) murder in connection with

1

a narcotics conspiracy, in violation of 21 U.S.C. § 848(e)(1)(A) ("Count One") and (b) using, possessing, and carrying a firearm in furtherance of and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i) and 2 ("Count Two"). (See dkt. no. 364 ¶¶ 1-2.) Count Two was predicated on Mr. Lee's carriage, use, and possession of a firearm in furtherance of and in relation to an attempted Hobbs Act robbery. (See id. ¶ 2.) After Mr. Lee pleaded guilty to both Count One and Count Two, the Court sentenced him on July 8, 2013, to twenty years imprisonment on Count One and five years imprisonment on Count Two, to run consecutively. (See dkt. no. 609) On December 17, 2015, the Court resentenced Mr. Lee to 150 months' imprisonment on both counts, to run concurrently. (See dkt. no. 623) Petitioner was released from prison and began his concurrent terms of supervised release in November 2017. (See Parties' Letter at 1.)

Section 924(c) makes it a crime to possess a firearm "during and in relation to any crime of violence or drug trafficking crime." 18 U.S.C. § 924(c)(1)(A). The statute provides two definitions for what constitutes a "crime of violence." The first definition is known as the "elements clause," which defines a crime of violence as a felony which "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Id. § 924(c)(3)(A). The second definition, known as the "residual clause," defines a crime of violence as a felony that,

2

"by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Id. § 924(c)(3)(B).

However, in 2019, the Supreme Court held that § 924(c)'s residual clause was unconstitutionally vague and invalidated the provision. In United States v. Davis, 588 U.S. 445, 470 (2019). As a result, a predicate "crime of violence" under § 924(c) is only valid if it falls within the scope of the elements clause. However, in United States v. Taylor, the Supreme Court held that attempted Hobbs Act robbery cannot constitute a valid predicate crime of violence under the elements clause because a conviction for attempted Hobbs Act robbery requires no proof of physical force. 596 U.S. 845, 860 (2022). Specifically, "attempted Hobbs Act robbery does not satisfy the elements clause[]" because "no element of [the offense] requires" proof that the defendant "used, attempted to use, or threatened to use force." Id. at 851-52 (emphasis in original).

Thus, after Davis and Taylor, attempted Hobbs Act robbery is no longer a valid predicate crime for a § 924(c) conviction either under the statute's residual clause or its elements clause. Accordingly, Mr. Lee's motion to vacate § 924(c) conviction pursuant to 28 U.S.C. § 2255 is GRANTED.

Because Mr. Lee has already completed his term of incarceration, the Court uses its discretion and will amend the

3

Judgment in the above-captioned case to vacate Mr. Lee's conviction on Count Two. See United States v. Pena, 58 F.4th 613, 618-20 (2d Cir. 2023) (courts faced with collateral challenges under § 2255 have discretion as to the remedies for vacating a judgment, which includes amending the previous judgment to reflect the vacatur).

The Clerk of the Court is directed to close the open motions, (dkt. nos. 854, 873, and 1023), and close case number 20-cv-8969. The Clerk of the Court shall mail a copy of this order to Mr. Lee.

**SO ORDERED.**

Dated:   August 27, 2024
         New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge